IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SUSAN ANN BAYNTON,  )
 )
        Plaintiff,  ) Case No. 05-1456-KI
 )
vs.  ) OPINION AND ORDER
 )
WILLIAM W. WYATT, in his individual  )
and official capacities; GAIL  )
WOODWORTH, in her individual and  )
official capacities; and THE PORT OF  )
PORTLAND, a port district and municipal  )
corporation,  )
 )
        Defendants.  )

Lynn R. Nakamoto
Markowitz, Herbold, Glade
& Mehlhaf, P.C.
1211 S. W. Fifth Avenue, #3000
Portland, Oregon 97204-3730

    Attorney for Plaintiff

Paula A. Barran
Karen O'Connor
Barran Liebman LLP
601 S. W. Second Avenue, Suite 2300
Portland, Oregon 97204-3159

    Attorneys for Defendants

KING, Judge:

Plaintiff Susan Ann Baynton brings suit against the Port of Portland, its executive director, William Wyatt, and its human resources director, Gail Woodworth arising out of the Port of Portland's reduction in force. She alleges First Amendment retaliation, violations of her equal protection and substantive due process rights, and violations of Oregon's Whistleblower Act. She also brings a claim for wrongful discharge. Before me is Defendants' Motion to Dismiss Plaintiff's Claims for Wrongful Discharge, Equal Protection, and Wages Against the Individual Defendants (#5). For the following reasons, I grant in part and deny in part the motion.

## BACKGROUND

According to plaintiff's Complaint, plaintiff was employed as a human resources manager, had held that position for five years, and had been evaluated as "frequently exceeds" expectations at the time Woodworth became director of human resources. The department was reorganized and Woodworth asked plaintiff to assume more responsibility. Woodworth subsequently informed plaintiff that her employment would be terminated, as a result of a reduction in force.

Between the reorganization and the reduction in force, plaintiff had discussed with Woodworth many policy issues including: public status and management of resources, possible discrimination against African American employees, unequal pay increases, compensation for public employees, and pay increases for politically-connected employees. New hires in the human resources department were retained, while plaintiff was terminated.

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. l986), cert. denied, 479 U.S. 1054 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. Nevada County, Cal., 824 F.2d 735, 737 (9th Cir. 1987).

## DISCUSSION

I. Defendants' Motion to Dismiss the Fourth Claim for Relief (Wrongful Discharge)

Defendants argue that plaintiff's wrongful discharge claim must be dismissed because she has an adequate statutory remedy under 42 U.S.C. § 1983 and under the Oregon Whistleblower Act. See Draper v. Astoria Sch. Dist. No. 1C, 995 F. Supp. 1122, 1130-31 (D. Or. 1998) (wrongful discharge claim precluded if existing remedy adequately protects public interest in question), abrogated in part on other grounds by Rabkin v. Oregon Health Sciences Univ., 350 F.3d 967 (9th Cir. 2003); Carlson v. Crater Lake Lumber Co., 103 Or. App. 190, 193, 796 P.2d 1216 (1990), modified on other grounds, 105 Or. App. 314, 804 P.2d 511 (1991).

Page 3 - OPINION AND ORDER

Plaintiff argues that she may not have an adequate remedy under § 1983 depending on the facts proven in each claim and the defenses raised. I decline to accept this argument. As Judge Stewart recognized in Minter v. Multnomah County, No. CV-01-352-ST, 2002 WL 31496404, at *14-15 (D. Or. May 10, 2002), a plaintiff suing under § 1983 for First Amendment retaliation has the same remedies as under her wrongful discharge claim, and the analysis does not require the court to determine the merits of the claim; rather the court evaluates whether the claim, if proven, provides an adequate remedy. See also Carlton v. Marion County, No. CV-03-6202-AA at 8 (D. Or. Feb. 19, 2004) (voluntary withdrawal of § 1983 claim did not render remedy inadequate).

Plaintiff's remedy under § 1983 is the same, if not better, than it would be under her wrongful discharge claim.[1] Accordingly, I dismiss with prejudice plaintiff's wrongful discharge claim.

II.  Defendants' Motion to Dismiss the Second Claim for Relief (Substantive Due Process and Equal Protection)

Defendants assert that plaintiff's second claim for relief, alleging violations of her substantive due process and equal protection rights, were violated by Wyatt and Woodworth when they intentionally subjected her "to different treatment from others similarly situated, in an arbitrary and capricious manner, without a rational basis, but instead based on spite and animosity" and "[s]uch different treatment included, but is not limited to, subjecting her to activity designed to ensure that Ms. Baynton would not be able to remain as an employee and the termination of Ms. Baynton's employment." Complaint, ¶¶ 45, 46.

Defendants assert the allegations do not state a claim.

---

[1] I do not rule on whether plaintiff would have an adequate remedy under her Whistleblower Act claim.

A. <u>Substantive Due Process Claim</u>

Substantive due process under the Fourteenth Amendment "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" <u>Nunez v. City of Los Angeles</u>, 147 F.3d 867, 871 (9th Cir. 1998), quoting <u>United States v. Salerno</u>, 481 US 739, 746 (1987). As a threshold matter, then, when making a substantive due process claim, the plaintiff must show a "government deprivation of life, liberty, or property." <u>Id.</u> at 871 (citations omitted).

Defendants contend that the provision does not apply to plaintiff in this context. According to defendants, the substantive due process clause protects fundamental rights such as marriage, family, procreation, and bodily integrity. Furthermore, in <u>Connell v. Multnomah County</u>, No. CV-01-1726-HA, 2003 WL 21087976, at * 5 (D. Or. Mar. 11, 2003), Judge Haggerty stated, "the Ninth Circuit has never held that a public employee may maintain an action for substantive due process stemming from a wrongful termination." Judge Jelderks noted the same absence of binding authority in <u>Montoya v. Giusto</u>, No. CV-02-446-JE, 2004 WL 3030104, at * 20 (D. Or. Nov. 24, 2004), when he relied on other circuit cases to opine that the Ninth Circuit would reject the notion that a public employee could have a fundamental property interest in his job that is protected by the substantive due process clause.

While it is true that the Ninth Circuit has not yet ruled conclusively, plaintiff points out that in <u>Jackson v. Gates</u>, 975 F.2d 648, 656-57 (9th Cir. 1992), the Ninth Circuit determined that the employee had not proved a substantive due process violation because the conduct was not clearly arbitrary or unreasonable. Plaintiff asserts there would have been no reason for the court to address the employer's actions if there were no right in the first place. Plaintiff also argues

Page 5 - OPINION AND ORDER

that it is too early to dismiss this claim without allowing her to conduct discovery. Basically, she contends that the success of her claim turns on whether she is an at-will employee or not. If not, she may have a claim that she had a constitutionally protected property interest.

I am unwilling at this early stage to dismiss plaintiff's substantive due process claim. Indeed, both Judges Haggerty and Jelderks resolved the claim on other or additional grounds, and at the summary judgment stage. Accordingly, I deny defendants' motion to dismiss plaintiff's substantive due process claim, but I permit them to reassert these arguments at the summary judgment stage.

B.    Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides in relevant part, "[n]o state shall make or enforce any law which shall . . . deny to any person within its jurisdiction equal protection of the laws." In short, the Clause guarantees that people who are similarly situated will be treated similarly.

Defendants contend that plaintiff's equal protection claim depends on this Court's acceptance of her "class of one" legal theory since plaintiff does not allege any suspect classification or deprivation of a fundamental right. Whether a plaintiff may rely on the "class of one" theory in an employment-based equal protection claim is an issue that has not been decided in the Ninth Circuit. Furthermore, the judges in this court appear to have divergent views on the matter. For example, in Cain v. Tigard-Tualatin School Dist. 23J, 262 F. Supp. 2d 1120 (D. Or. 2003), Judge Hubel discussed his hesitation in allowing a student to proceed under a "class of one" theory, quoting from a District of Massachusetts case, Campagna v. Comm. of Mass. Dep't of Envtl. Prot., 206 F. Supp. 2d 120 (D. Mass. 2002):

> While this theory may have some viability in certain contexts, . . . the applicability of the "class of one" theory to an employment-based equal protection claim seems dubious. . . . In this case, if plaintiff is correct on the law, any public employee convinced that someone similarly situated is being treated more favorably could sue his or her employer under the Fourteenth Amendment for a violation of equal protection. Since practically every employee, public or private, is bound to be convinced at some point that he or she is getting the short end of the stick, it is not hard to imagine the bee hive of constitutional litigation that would be generated by this variant of this "class of one" doctrine.

Cain, 262 F. Supp. 2d at 1137 (internal quotation omitted). Furthermore, in Cain, Judge Haggerty adopted Judge Hubel's Findings and Recommendation in part and denied in part, specifically holding that the "class of one" theory could not be extended to a student's claim that his football coach treated him differently. Construing Village of Willowbrook v. Olech, 528 U.S. 562 (2000), the Supreme Court's most recent pronouncement on the "class of one" theory, Judge Haggerty stated:

> The Supreme Court gave no indication that the holding extended beyond matters involving municipal property disputes. The Supreme Court surely would have spoken more clearly if it intended to extend the reach of the Fourteenth Amendment's Equal Protection Clause to every instance of arbitrary state action. Plaintiff's wide-ranging interpretation of Village of Willowbrook would grant relief to any public employee or student who was "singled out" by a state official. Such a reading extends well beyond the limits of the Fourteenth Amendment.

Cain, 262 F. Supp. 2d at 1130.

In contrast, Judge Ashmanskas has permitted use of the "class of one" theory in an employment context. Engquist v. Oregon Dep't of Agric., No. CV-02-1637-AS, 2004 WL 2066748 (D. Or. Sept. 14, 2004). In that case, plaintiff was singled out as a result of animosity on the part of her supervisors. The appeal is pending before the Ninth Circuit.

Although I am leery of accepting a "class of one" theory in the employment context, I am unwilling to dismiss the claim given the current unsettled state of the law. Therefore, I deny

defendants' motion to dismiss, with leave to renew these arguments on a motion for summary judgment.

III. Defendant's Motion to Strike Plaintiff's Demand for Backpay Damages from the Individual Defendants

Defendants seek to strike from plaintiff's first and second claims the demand for backpay against the individual defendants, which defendants argue is implicit in plaintiff's request for "losses in pay and employment-related benefits and other economic damages[.]" Complaint, ¶¶ 40, 47. A defendant sued in his or her individual capacity is not liable for back pay damages in a § 1983 claim. Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1472 n.1 (9th Cir. 1993).

Plaintiff responds that defendants' argument is an "unnecessary exercise in semantics." Plaintiff does not allege that the individual defendants are liable for back pay, which plaintiff admits is a remedy available only against the employer. Instead, individual defendants may be liable for compensatory damages in the same amount as back pay.

Defendants reply that if plaintiff is seeking only compensatory damages against the individual defendants, her complaint should be amended to reflect that demand. I find that this is not necessary given plaintiff's clarification of her Complaint on the record.

///

///

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Claims for Wrongful Discharge, Equal Protection, and Wages Against the Individual Defendants (#5) is granted in part and denied in part. Plaintiff's wrongful discharge claim is dismissed with prejudice.

IT IS SO ORDERED.

Dated this ___25th___ day of January, 2006.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge